LUCAS COUNTY v. THE CHICAGO, BURLINGTON & QUINCY R'Y CO.

THE CHICAGO, BURLINGTON & QUINCY R'Y CO. v. UNION CO.

1. **Counties:** POWER TO LEVY POOR TAX: CHAP. 149, LAWS OF 1876, AMENDING CODE, § 1381: CONSTRUCTION. The effect of Chap. 149, Laws of 1876, amending § 1381 of the Code, is to empower counties having a population of 33,000 inhabitants or more to levy a poor tax of one and a half mills on the dollar, in case the ordinary revenue of the county proves insufficient for the support of the poor, but it does not take away the power, given by the section before amendment to counties containing a less number of inhabitants, to levy a tax of one mill on the dollar for the same purpose.

### FRIDAY, DECEMBER 11.

THESE causes present the same questions, and have been submitted together, and will be disposed of in a single opinion. The first case is an appeal from Lucas district court. The other, from Union district court. The facts are stated in the opinion.

*T. M. Stuart*, for appellant.

*Mitchell & Penick*, for appellee, Lucas Co.

*McDill & Sullivan*, for appellee, Union Co.

REED, J.—The causes involve the legality of certain taxes levied by the board of supervisors of the respective counties for the support of the poor. At the time of making the annual tax levy for the year 1884, said boards of supervisors each made an order reciting that the ordinary revenue of the county had proven insufficient for the support of the poor, and levying a tax of one mill on the dollar on all the taxable property in the county for that purpose. The counties each

have a population of less that 33,000 inhabitants. It is admitted that the ordinary revenue of the counties was insufficient for the support of the poor within them, and the single question presented by the case is whether the boards of supervisors had power, under the statute, to levy the taxes in question. Prior to 1876 the powers of the board of supervisors with reference to the levying of taxes for the support of the poor were defined by section 1381 of the Code. The provision is as follows, viz.: "The expenses of supporting the poor-house shall be paid out of the county treasury in the same manner with other disbursements for county purposes; and, in case the ordinary revenue of the county prove insufficient for the support of the poor, the board may levy a poor tax not exceeding one mill on the dollar, to be entered on the county list, and be collected as ordinary county taxes."

The legislature in 1876 passed an act to amend this section. The act is chapter 149 of the Acts of the Sixteenth General Assembly, and it is as follows: "Section 1. That section 1381, tit. 11, chap. 1, Code, be amended by striking out the words 'one mill' in the fifth line of the said section and inserting therein in lieu thereof the words 'one and a half mills,' so that the section will read as follows: Sec. 1381. The expenses of the poor-house shall be paid out of the county treasury in the same manner with other disbursements for county purposes; and, in case the ordinary revenue of the county prove insufficient for the support of the poor, the board may levy a poor tax not exceeding one and a half mills on the dollar, to be entered and collected as the ordinary county tax: provided, that the provisions of this act shall not apply to counties in which the population is less than thirty-three thousand (33,000) inhabitants."

The question to be determined is as to the effect of the enactment. It is contended by appellant that its effect is to strike out absolutely from the section the words "one mill," and insert in lieu thereof the words "one and a half mills,"

and that the proviso is made part of the section as amended, and has the effect to limit its operation to counties having a population of 33,000 inhabitants, or more; and hence that in counties having less than that number of inhabitants the board of supervisors has no power to levy a special tax in any amount for the support of the poor. In our opinion, however, this position cannot be maintained. The proviso was intended by the legislature, we think, as a limitation of the amendatory act, and it does not constitute any part of section 1381 as amended. This view is sustained by a number of considerations. In the first place, the act is simply amendatory of section 1381. It does not repeal and re-enact that section, but strikes out certain words from it, and inserts others in lieu of them. The other provisions of the section are in no manner affected by the act, but remain in force just as they were before it was enacted. It was passed simply for the purpose of modifying the section. The language of the proviso is "that the provisions of *this act* shall not apply," etc. What act is referred to? Clearly not the section of the Code; for that, as we have seen, is not repealed and re-enacted. But the words "this act" designate the amendatory act,—that is, the act in which they are used. There is no other subject to which they can relate.

In the next place, the language preceding the proviso clearly indicates an intention by the legislature to amend the section in the single respect of striking out the words "one mill" and inserting "one and a half mills." The language is "that section 1381 * * * be amended by striking out the words 'one mill,' in the fifth line, * * * and inserting therein in lieu thereof the words 'one and a half mills,' so that the section will read as follows;"—and this is followed by the amendment, and there is no provision expressly making the proviso a part of the section. We think it clear, then, from the language made use of, that the proviso was intended as a limitation of the amendatory act, and that it does not constitute any part of

the section as amended. If the construction contended for by appellant were correct, it would follow, not only that the boards of supervisors in counties having less than 33,000 inhabitants have no power to levy a special tax for the support of the poor, but that they have no power to pay the expense of supporting the poor-house out of the general fund of the county; for section 1381 contains the only provision authorizing the payment of such expenses; and if said proviso is part of that section, the power to pay such expense is limited by it to counties having 33,000 inhabitants or more. Nobody believes that such a result was intended by the legislature when it enacted the statute in question, and there is nothing in the language of the act which requires us to put a construction upon it which would lead to that result. The effect of the amendatory statute is to empower counties having a population of 33,000 inhabitants or more to levy a poor tax of one and a half mills on the dollar, but the power conferred upon counties having a less number of inhabitants by the section before it was amended to levy a tax of one mill for such purpose is not taken away. This is the view taken by the district court. The judgments will be

AFFIRMED.